IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FELIX COLON,

    Petitioner,                  No. CIV S-07-1400 LKK KJM P

    vs.

K.V.S.P. WARDEN HEDGEPETH,

    Respondent.               FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus under 28 U.S.C. § 2254.  Petitioner challenges his 2005 conviction on ten counts of robbery with corresponding gun use enhancements.  Respondents have moved to dismiss the petition for failure to exhaust state remedies on some of the claims

        The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus.  28 U.S.C. § 2254(b)(1).  If exhaustion is to be waived, it must be waived explicitly by respondents' counsel.  28 U.S.C. § 2254(b)(3).[1]  A waiver of exhaustion, thus, may not be implied or inferred.  A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before

---

[1] A petition may be denied on the merits without exhaustion of state court remedies.  28 U.S.C. § 2254(b)(2).

1

presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986).

The state court has had an opportunity to rule on the merits when the petitioner has fairly presented the claim to that court. The fair presentation requirement is met where the petitioner has described the operative facts and legal theory on which his claim is based. Picard, 404 U.S. at 277-78. Generally, it is "not enough that all the facts necessary to support the federal claim were before the state courts . . . or that a somewhat similar state-law claim was made." Anderson v. Harless, 459 U.S. 4, 6 (1982). Instead,

> [i]f state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan v. Henry, 513 U.S. 364, 365 (1995). Accordingly, "a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief." Gray v. Netherland, 518 U.S. 152, 116 S. Ct. 2074, 2081 (1996). The United States Supreme Court has held that a federal district court may not entertain a petition for habeas corpus unless the petitioner has exhausted state remedies with respect to each of the claims raised. Rose v. Lundy, 455 U.S. 509 (1982). A mixed petition containing both exhausted and unexhausted claims must be dismissed.

Petitioner raises four claims in his petition: (1) the imposition of consecutive sentences was not based on facts found by the jury; (2) trial counsel was ineffective; (3) there were no Hispanics on the jury and the trial proceedings were otherwise biased against him because of his ethnicity; and (4) the fine and restitution were imposed in spite of his inability to pay. Am. Pet. at 4-5.

After reviewing the record in this action, the court finds that petitioner has failed to exhaust state court remedies as to claims two, three and four. See Mot. to Dismiss, Exs. 3-11.

1    Accordingly, the petition is a mixed petition containing both exhausted and unexhausted claims
2    and must be dismissed.  Good cause appearing, petitioner should be granted thirty days to file an
3    amended petition raising his single exhausted claim.  Petitioner has agreed that the proper course
4    is to delete the unexhausted claims; he has not asked for a stay of the proceedings to pursue state
5    remedies on the issues they raise.  See Pl.'s Opp'n at 1.

6               In accordance with the above, IT IS HEREBY RECOMMENDED that:

7               1.  Respondent's motion to dismiss (docket no. 11) be granted;

8               2.  Petitioner's petition for a writ of habeas corpus be dismissed; and

9               3.  Petitioner be granted thirty days from the date of this order to file an amended
10   petition raising only the single exhausted claim, or risk dismissal without prejudice.

11              These findings and recommendations are submitted to the United States District
12   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
13   days after being served with these findings and recommendations, any party may file written
14   objections with the court and serve a copy on all parties.  Such a document should be captioned
15   "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
16   shall be served and filed within ten days after service of the objections.  The parties are advised
17   that failure to file objections within the specified time may waive the right to appeal the District
18   Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
19   DATED: July 7, 2008.

_____
U.S. MAGISTRATE JUDGE

2
colo1700 .103