IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FELIX L. COLON,

    Petitioner,                    No. CIV S-07-1400 LKK KJM

    vs.

A. HEDGEPETH, Warden          FINDINGS AND RECOMMENDATIONS

    Respondent.

_____/

        Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges the trial judge's imposition of consecutive sentences after the jury found petitioner guilty of multiple counts. Because controlling legal authorities foreclose petitioner's theory of relief, the undersigned will recommend that petitioner's application for habeas corpus relief be denied.

I.    <u>Background</u>

        Petitioner is confined pursuant to a judgment of conviction entered in the Sacramento County Superior Court in 2005. Resp't's Mot. to Dismiss, Exs. 1 & 2.[1] Following a

---

[1] Respondent's Motion to Dismiss was denied, but the court takes judicial notice of the records filed in support of the motion.

1

1  jury trial, petitioner was found guilty of ten counts of second degree robbery in violation of
2  California Penal Code § 211, with ten firearm enhancements under California Penal Code
3  § 12022.53(b).  Id.  The trial judge sentenced petitioner to a state prison term of 52 years – a
4  thirteen-year term for one robbery count[2], which the court took as the principal term, and
5  four-years-and-four- months terms for the remaining nine counts[3], all terms running
6  consecutively.  Id., Ex. 2; RT 1662-1664.  The court stated that it imposed consecutive sentences

> based upon the fact there are separate acts of violence and threats of violence, that these events occurred during a three-week period. There were three separate bank robberies during that period, and this clearly is not aberrant or idiosyncratic behavior.  This is something that continued, and it amounts essentially to a crime spree.

RT 1662-1663.

Petitioner appealed his sentence to the California Court of Appeal, arguing, inter alia, that the trial court violated his right to have a jury determine the aggravating factors it used to impose consecutive sentences.  Resp't's Lodged Doc. No. 5 at 22-26.  The Court of Appeal rejected that argument as foreclosed by People v. Black, 35 Cal.4th 1238, 1244, 1262

/////
/////
/////
/////

---

[2] The court arrived at thirteen years by computing a three-year middle term for the robbery plus a ten-year term for the firearm enhancement.  See People v. Black, 35 Cal.4th 1238, 1247 (2005) ("Three terms of imprisonment are specified by statute for most offenses. The judge's discretion in selecting among these options is guided by Penal Code section 1170, subdivision (b), which states that 'the court shall order imposition of the middle term, unless there are circumstances in aggravation or mitigation of the crime.'"), overruled on other grounds, Cunningham v. California, 549 U.S. 270 (2007).

[3] The court arrived at four years and four months by computing one-third of the middle term for the robberies – one year – plus one-third of ten years for the firearm enhancements – three years, four months.

(2005).  Resp't's Lodged Doc. No. 3 at 2.  Petitioner then sought review with the California Supreme Court.  Resp't's Lodged Doc. No. 2 at 5.  That court denied review

> without prejudice to any relief to which defendant might be entitled after the United States Supreme Court determines in *Cunningham v. California*, No. 05-6551, the effect of *Blakely v. Washington* (2004) 542 U.S. 296 and *United States v. Booker* (2005) 543 U.S. 220, on California law.

Resp't's Mot. to Dismiss, Ex. 9.

Petitioner again challenged his consecutive sentence in a habeas petition filed in the Sacramento County Superior Court, after the United States Supreme Court issued its decision in Cunningham v. California, 549 U.S. 270 (2007).  Id., Ex. 10.  The Superior Court denied the petition, stating:

> Petitioner is not entitled to relief under Cunningham.  No upper term was imposed in Case No. 03F08862 [petitioner's trial court case], and Cunningham was limited to determining only that a court cannot rely on judicial factfinding in imposing the upper term.  Cunningham made no ruling with respect to the imposition of consecutive sentencing.
>
> Regardless, even if Blakely and Cunningham were to apply to consecutive sentencing, the court's imposition of consecutive sentencing in Case No. 03F08862 did not violate the judicial factfinding rule, as the court did not engage in any impermissible judicial factfinding.  Rather, the court specifically relied on facts that were determined by the jury in their verdicts: multiple acts of robbery committed against multiple victims, on three different occasions, within three weeks of each other.  The court could reasonably infer from those facts that petitioner had engaged in a crime spree, and reliance on that and the basic facts of multiple acts of violence on multiple occasions was within the permissible sentencing parameters set forth in Blakely and Cunningham.

Id., Ex. 11 at 2.

Petitioner then filed the instant federal habeas corpus petition.

II. Analysis

A.   Standards of Review Applicable to Habeas Corpus Claims

An application for a writ of habeas corpus by a person in custody under a judgment of a state court can be granted only for violations of the Constitution or laws of the

3

United States. 28 U.S.C. § 2254(a). Also, federal habeas corpus relief is not available for any claim decided on the merits in state court proceedings unless the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (referenced herein in as "§ 2254(d)" or "AEDPA").[4] It is the habeas petitioner's burden to show he is not precluded from obtaining relief by § 2254(d). See Woodford v. Visciotti, 537 U.S. 19, 25 (2002).

The "contrary to" and "unreasonable application" clauses of § 2254(d)(1) are different. As the Supreme Court has explained:

> A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in our cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts. The court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from our decisions but unreasonably applies it to the facts of the particular case. The focus of the latter inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable, and we stressed in Williams [v. Taylor, 529 U.S. 362 (2000)] that an unreasonable application is different from an incorrect one.

Bell v. Cone, 535 U.S. 685, 694 (2002). A state court does not apply a rule different from the law set forth in Supreme Court cases, or unreasonably apply such law, if the state court simply fails to cite or fails to indicate an awareness of federal law. Early v. Packer, 537 U.S. 3, 8 (2002).

/////

---

[4] Title 28 U.S.C. § 2254(d) establishes a precondition to federal habeas relief, not grounds for entitlement to habeas relief. Fry v. Pliler, 551 U.S. 112, 118-19 (2007).

4

1    The court will look to the last reasoned state court decision in determining
2 whether the law applied to a particular claim by the state courts was contrary to the law set forth
3 in the cases of the United States Supreme Court or whether an unreasonable application of such
4 law has occurred. Avila v. Galaza, 297 F.3d 911, 918 (9th Cir. 2002), cert. dismissed, 538 U.S.
5 919 (2003). Where the state court fails to give any reasoning whatsoever in support of the denial
6 of a claim arising under Constitutional or federal law, the Ninth Circuit has held that this court
7 must perform an independent review of the record to ascertain whether the state court decision
8 was objectively unreasonable. Himes v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003). In other
9 words, the court assumes the state court applied the correct law, and analyzes whether the
10 decision of the state court was based on an objectively unreasonable application of that law.
11    "Clearly established" federal law is that determined by the Supreme Court.
12 Arredondo v. Ortiz, 365 F.3d 778, 782-83 (9th Cir. 2004). At the same time, it is appropriate to
13 look to lower federal court decisions as persuasive authority in determining what law has been
14 "clearly established" and the reasonableness of a particular application of that law. Duhaime v.
15 Ducharme, 200 F.3d 597, 598 (9th Cir. 1999); Clark v. Murphy, 331 F.3d 1062 (9th Cir. 2003),
16 overruled on other grounds, Lockyer v. Andrade, 538 U.S. 63 (2003); cf. Arredondo, 365 F.3d at
17 782-83 (noting that reliance on Ninth Circuit or other authority outside bounds of Supreme Court
18 precedent is misplaced).

19 B.    Petitioner's Claims

20    Petitioner claims that the trial court's imposition of consecutive sentences violated
21 his jury trial rights, because the judge based the consecutive sentences on aggravating factors
22 found by the court rather than the jury. Am. Pet. at 4.[5] The last reasoned state court decision on
23 this issue is that of the Sacramento County Superior Court in reviewing petitioner's state habeas
24 petition. That court concluded, as indicated above, that Cunningham v. California, 549 U.S. 270
25 (2007), did not address the permissibility of judicial factfinding to support imposition of

26 ───────────────────
    [5] Page references are to those assigned by the court's CM/ECF system.

consecutive sentences, and that, even if such factfinding were subject to the reasoning of Cunningham and Blakely v. Washington, 542 U.S. 296 (2004), the trial judge did not impermissibly find any facts not already found by the jury.  That decision was not contrary to, nor an unreasonable application of, clearly established federal law for the following reasons.

In People v. Black, 35 Cal.4th 1238 (2005) ("Black I"), the California Supreme Court held that a defendant's Sixth Amendment jury trial rights under Blakely were not violated where the trial court made factual findings supporting its decision to impose a sentence of the upper term of imprisonment.  Black I, 35 Cal.4th at 1254-55.  This aspect of the court's decision was overruled by the United States Supreme Court's decision in Cunningham, which held that California's sentencing scheme, by providing for a presumptive middle term but allowing trial judges to find facts supporting imposition of an upper term, violated the Sixth Amendment.  Cunningham, 549 U.S. at 293.  Black I also concluded that a trial court's imposition of consecutive, rather than concurrent, sentences under California's sentencing scheme did not violate the Sixth Amendment.  Black I, 35 Cal.4th at 1261-64.  As the Sacramento Superior Court correctly noted in ruling on petitioner's state habeas petition, Cunningham did not address the propriety of judicial factfinding to support the imposition of consecutive sentences and thus did not disturb that portion of Black I.

On remand following Cunningham, the California Supreme Court again held that the Sixth Amendment, as interpreted by the United States Supreme Court in Blakely and its predecessor cases, was not offended by judicial factfinding supporting the imposition of consecutive sentences.  People v. Black, 41 Cal.4th 799, 820-23 (2007), cert. denied, 552 U.S. 1144 (2008) (Black II).  The court concluded that nothing in the United States Supreme Court's Sixth Amendment jurisprudence implicated factual determinations "that do not serve as the functional equivalent of an element of a crime."  Id. at 821 (internal citations and quotation marks omitted).  Because a trial judge makes the concurrent-vs.-consecutive sentencing decision "after the jury has made the factual findings necessary to subject the defendant to the statutory

maximum sentence on each offense" and the decision "does not implicate the defendant's right to a jury trial on facts that are the functional equivalent of elements of an offense," the decision to impose consecutive sentences does not violate the defendant's constitutional right to a jury trial. Id. at 823 (internal citations and quotation marks omitted).

While the California Supreme Court's decisions with regard to concurrent sentencing in Black I and Black II are not "clearly established federal law" and thus do not control the outcome of the instant petition, they illustrate the absence of such "clearly established federal law" on the issue when petitioner's requests for review of the issue were presented to the state courts. That is, at the time of Black I and Black II, no United States Supreme Court decision had addressed whether judicial factfinding to support imposition of concurrent sentences violated the Sixth Amendment.

Black I and Black II additionally illustrate one reasonable application of Blakely and its predecessor cases, an interpretation adopted by the United States Supreme Court itself in Oregon v. Ice, __ U.S. __, 129 S. Ct. 711 (2009). In Ice, the Court reviewed precisely the issue presented by petitioner: whether, "[w]hen a defendant has been tried and convicted of multiple offenses, each involving discrete sentencing prescriptions, does the Sixth Amendment mandate jury determination of any fact declared necessary to the imposition of consecutive, in lieu of concurrent, sentences?" Ice, 129 S. Ct. at 714; cf. Am. Pet. at 4. The Court held that the Sixth Amendment does not so require, because determination of facts underlying a consecutive sentence lies outside the historical province of the jury and because no "impelling reason" counsels in favor of abrogating the states' interest in providing rules to guide courts in making such determinations. Id. at 717-19.

Accordingly, the Sacramento County Superior Court's denial of petitioner's request for habeas relief was not "contrary to" or an "unreasonable application" of clearly established federal law, and petitioner is not entitled to federal habeas relief.

/////

III.  Conclusion

Accordingly, IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  April 29, 2010.

_____
U.S. MAGISTRATE JUDGE